**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**
*Electronically Filed*

| | |
|---|---|
| TERESA K. JOHNSON  )  | |
|     *Plaintiff,*  ) | |
| ) | |
| v.  ) | |
| ) | |
| HIGHMARK HEALTH, INC.,  ) | Civil Action No: _____ |
| LAKE CUMBERLAND REGIONAL  ) | |
| HOSPITAL, LLC, and  ) | |
| DR. JOHN C. MOBLEY  ) | |
|     *Defendants.*  ) | |

## NOTICE OF REMOVAL

Defendant, Highmark Health, Inc. ("Highmark"), by counsel, hereby gives notice of its removal of the above-captioned civil action now pending in the Pulaski Circuit Court in the Commonwealth of Kentucky, as Civil Action No. 19-CI-01095, pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant Highmark states the following in support of removal of the above-captioned civil action:

1. On or about November 12, 2019, Plaintiff Teresa K. Johnson ("Johnson"), served her Complaint commencing the above-captioned proceedings in the Pulaski Circuit Court (Civil Action No. 19-CI-01095) on Highmark. Attached hereto as **Exhibit A** are true and legible attested copies of the Summons and Complaint served upon the Kentucky Office of the Secretary of State, the statutory agent for service.

2.     No further proceedings have taken place since the date of service of the Summons and Complaint. A true and attested copy of the docket sheet is attached hereto as **Exhibit B**.

3.     This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 because it is a case involving federal question jurisdiction.

4.     As of the date of this Notice of Removal, Defendants Lake Cumberland Regional Hospital, LLC ("Lake Cumberland") and Dr. John C. Mobley ("Dr. Mobley") have been served. Lake Cumberland and Dr. Mobley, by their respective counsel, consent to this removal as evidenced by the consents attached hereto as **Exhibit C** and **Exhibit D**.[1]

5.     Johnson's Complaint is predicated on the alleged denial of health benefits under an employer-sponsored health plan ("the Plan"). (Compl. at ¶¶ 2, 6-10, 14, 17, 21-22; Compl. at Exs. A, B). The Plan is sponsored by Johnson's employer, LHC Group. Highmark serves as Claims Administrator for the Plan.

6.     Johnson's claims implicate a written Plan. The Plan from which Johnson's claim for benefits is derived constitutes an employee welfare benefit plan for the purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. Johnson's Complaint seeks recovery of benefits she believes to be rightly due under the terms and conditions of this ERISA qualified plan.

6.     Johnson's causes of action based on the denial of benefits under the Plan are completely preempted by ERISA under the terms of 29 U.S.C. § 1144(a) because they are utilized

---

[1] Johnson's claims against Lake Cumberland and Dr. Mobley are related to Johnson's claims against Highmark such that they form a part of the same case or controversy under Article III of the United States Constitution. Consequently, this Court has supplemental jurisdiction over Johnson's claims against Lake Cumberland and Dr. Mobley pursuant to 28 U.S.C. § 1367(a).

to pursue benefits under an ERISA plan and to duplicate, supplement or supplant the civil enforcement mechanism provided by 29 U.S.C. § 1132(a). *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004) ("Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). A claim is completely preempted when it satisfies both prongs of the following test: (1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms. *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 613 (6th Cir. 2013) (quoting *Davila*, 542 U.S. at 210)).

7. Within the Sixth Circuit, to determine whether a claim satisfies the first prong of the *Davila* test, courts looks beyond the "label placed on a state law claim" and instead ask "whether in essence such a claim is for the recovery of an ERISA benefit plan." *Hogan v. Jacobson*, 823 F.3d 872, 880 (6th Cir. 2016) (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002)). A claim "likely falls within the scope of § 1132 when the only action complained of is a refusal to provide benefits under an ERISA plan and the only relationship between the plaintiff and defendant is based on the plan." *Hogan*, 823 F.3d at 881 (quoting *Davila*, 542 U.S. at 211)); *see also, Milby v. MCMC LLC*, 844 F.3d 605 (6th Cir. 2016) ("Milby's claim in this case arises from the denial of benefits from an ERISA plan and satisfies the first prong of the *Davila* test for complete preemption.).

8. Within the Sixth Circuit, to determine whether a claim satisfies the second prong of the *Davila* test, courts consider "whether the plaintiff alleges the violation of an independent legal duty." *Milby*, 844 F.3d at 611 (citing *Davila*). A state-law claim is independent

of ERISA when the duty was "not derived from, or conditioned upon, the terms of" the plan and there is no "need[ ] to interpret the plan to determine whether that duty exists." *Gardner*, 715 F.3d at 614.  In this case, the Court must interpret the Plan to determine whether a duty to pay Plaintiff's claims exists.  Only the terms of the Plan will determine whether Plaintiff's claims are subject to payment by the Plan.  Accordingly, no duty independent of the ERISA plan exists.  "Regardless of how it is styled . . . 'a suit by a beneficiary to recover benefits from a covered plan ... falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.'"  *Brigolin v. Blue Cross Blue Shield of Michigan*, 516 Fed.Appx. 532, 540 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)); *see also*, *Hackney v. AllMed Healthcare Management Inc*., 679 F.Sppx. 454 (6th Cir. 2017).

        9.      Johnson, as a participant in the employer-sponsored health Plan, is pursuing a claim under § 1132(a) of ERISA. As her claim involves recovery of benefits allegedly due under an ERISA Plan, her claim falls within the scope of § 1132(a). *See* Complaint at ¶¶ 14, 16, 18, 23, 30; *Ad Damnum* Clause ¶ 1.  Finally, no independent legal duty exists because the Court will not be able to resolve this matter without interpretation and referral to the terms and conditions of the Plan.

        10.    The fundamental underlying issue in this case involves the interpretation of the terms of an ERISA plan. Therefore, based on the Sixth Circuit's test for determining the scope of ERISA preemption, Johnson's action to recover benefits allegedly due under the Plan is completely preempted. Cases such as this that are within the scope of ERISA's civil enforcement mechanism and completely preempted by ERISA's broad preemptive powers are properly removable to federal court. *See Davila,* 542 U.S. at 209.

11. Based on the foregoing, this action is removable to this Court pursuant to 28 U.S.C. § 1441, as Johnson's claims involve a federal question pursuant to 28 U.S.C. § 1331.

12. The United States District Court for the Eastern District of Kentucky, Southern Division at London embraces Pulaski County and the Pulaski Circuit Court where this action was pending prior to removal. 28 U.S.C. § 1441(a); 28 U.S.C. § 97(a); LR 3.1(a)(3)(A). Thus, this Court is the District Court of the United States for the district and division embracing the place where this action is currently pending.

13. This Notice of Removal is filed within thirty (30) days after service of the initial pleading setting forth the claim for relief upon which this action is based. Therefore, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Pulaski Circuit Court of the Commonwealth of Kentucky, along with a Notice of Filing of Notice of Removal, a copy of which is attached hereto as **Exhibit E.**

15. A copy of this Notice of Removal, with exhibits, has been served upon the Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

16. Based on the foregoing, Highmark files this Notice of Removal so that the entire state-court action, Civil Action No. 19-CI-01095 currently pending before the Pulaski Circuit Court of the Commonwealth of Kentucky, shall be removed to this Court for all further proceedings.

Respectfully submitted,

*/s/ Michael G. Erena*
Michael G. Erena (KYSB # 96126)
Jackson Kelly PLLC
100 West Main Street, Suite 700
Lexington, Kentucky 40507
Phone: (859) 288-2833
michael.erena@jacksonkelly.com

-and-

Jill E. Hall (WVSB # 8812)
Jackson Kelly PLLC
P.O. Box 553
Charleston, WV 25322
Telephone: (304) 340-1000
Facsimile: (304) 340-1080
jill.hall@jacksonkelly.com
(*Pro Hac Vice* to be submitted)

*Counsel for Defendant,*
*Highmark Health, Inc.*

Case: 6:19-cv-00288-KKC   Doc #: 1   Filed: 12/09/19   Page: 6 of 7 - Page ID#: 6

## **CERTIFICATE OF SERVICE**

        I hereby certify that on December 9, 2019, a true and correct copy of the foregoing has been served by First-Class, U.S. Mail, postage pre-paid, and by electronic mail, upon the following:

William R. Erwin
Erwin Law, PLLC
319 West Main Street
Danville, Kentucky 40422
bill@erwinlawky.com
*Counsel for Plaintiff*

Stephen S. Burchett
Jackson Kelly PLLC
100 West Main Street, Suite 700
Lexington, Kentucky 40507
stephen.burchett@jacksonkelly.com
*Counsel for Defendant,*
*Dr. John C. Mobley*

Bradley A. Case
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
bradley.case@dinsmore.com
*Counsel for Defendant,*
*Lake Cumberland Regional Hospital, LLC*

                      */s/ Michael G. Erena*
                      *Counsel for Defendant,*
                      *Highmark Health, Inc.*