UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TERESA K. JOHNSON,<br>  Plaintiff,<br><br>V.<br><br>HIGHMARK HEALTH, INC., *et al.*,<br>  Defendants. | CIVIL ACTION NO. 6:19-288-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's motion to remand and Defendant's motion to dismiss. Plaintiff Teresa K. Johnson originally filed suit in Kentucky state court, and Defendant Highmark Health, Inc. removed to this Court. (DE 1.) Defendant filed a motion to dismiss the complaint (DE 9) and Plaintiff filed a motion to remand (DE 13). For the reasons stated below, the motion to remand is denied and the motion to dismiss is denied as moot.

**Background**

On December 28, 2018, Defendant Dr. John C. Mobley performed a medical procedure on Plaintiff at a facility operated by Defendant Lake Cumberland Regional Hospital, LLC ("Lake Cumberland"). (DE 1-2 at 7.) Plaintiff alleges that, prior to the procedure, she received a "pre-certification of an out-patient surgical service" from Defendant Highmark Health, Inc. ("Highmark"), the administrator for Plaintiff's employer-sponsored group health care plan. (DE 1-2 at 6-7.) Following the procedure, Plaintiff received bills from Defendants Lake Cumberland and Dr. Mobley (as well as two other non-party medical providers) for a total sum substantially greater than what Plaintiff alleges had been designated as her estimated

1

liability. (DE 1-2 at 7.) She alleges that Defendant Highmark has denied her coverage for the procedure. (DE 1-2 at 8.)

On October 30, 2019, Plaintiff filed a five count complaint in Pulaski Circuit Court against Defendants. (DE 1-2.) On December 9, 2019, Defendant Highmark filed a notice of removal in this Court. (DE 1.)[1] On December 16, 2019, Defendant Highmark filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 9); on that same day, Plaintiff filed a motion to remand the matter back to state court (DE 13).

## Analysis

### I. Motion to Remand

*A. Standard*

On a motion to remand, the defendant bears the burden to show that this Court has jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). Original jurisdiction exists through either diversity of citizenship, *see* 28 U.S.C. §§ 1332(a) and 1441(b), or federal question jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a). When there are any doubts as to the propriety of removal, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 550 (citation and internal quotation marks omitted). When both a motion to remand and a motion to dismiss are pending, a court should resolve the motion to remand first because, if the moving party fails to establish that the court has jurisdiction, the motion to dismiss would be moot. *See, e.g., Fenger v. Idexx Lab., Inc.*, 194 F. Supp. 2d 601, 605 (E.D. Ky. 2002).

---

[1] Defendants Dr. Mobley and Lake Cumberland consented to the removal. (DE 2; DE 3.)

*B. Discussion*

Because Plaintiff's claims against Defendant Highmark are completely preempted by ERISA, the Court has federal question jurisdiction over the suit, and the suit was properly removed. The general rule is that "[f]ederal-question jurisdiction exists when the cause of action arises under federal law," and that "[w]hether a cause of action arises under federal law must be apparent from the face of the 'well-pleaded complaint.'" *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citations omitted). However, complete preemption operates as an exception to the well-pleaded complaint rule, arising "in the rare circumstance where Congress legislates an entire field of law." *Id.* at 994. "Lower federal courts are creatures of Congress, and Congress can expand federal jurisdiction" by "pass[ing] a statute so broad that it wholly displaces… state-law causes of action through complete pre-emption." *K.B., by & through Qassis v. Methodist Healthcare – Memphis Hosp.*, 929 F.3d 795, 799 (6th Cir. 2019) (citations, internal quotation marks, and brackets omitted) (ellipsis in original). The Employee Retirement Income Security Act ("ERISA"), "a federal statute that sets up a regulatory regime to protect people participating in employee benefit plans," *id.* at 799, is one such statute. *See also Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) ("ERISA includes expansive pre-emption provisions which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." (citations and internal quotation marks omitted)). Thus, while Plaintiff argues that her claims "are clearly state claims that are actionable in the State court" (DE 13 at 2), "the ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," *id.* at 209 (citation and internal quotation marks omitted). Plaintiff concedes that "[t]he underlying coverage in the case is an ERISA plan." (DE 13 at 1.)

A suit originally instituted in state court is only removable to federal court under ERISA if it is "completely preempted," meaning that the suit "asserts a state law cause of action to enforce the terms of an ERISA plan and that suit conflicts with or duplicates the federal cause of action provided in ERISA's enforcement provision, 29 U.S.C. § 1132(a)(1)(B)."[2] *Methodist Healthcare*, 929 F.3d at 800 (citing *Davila*, 542 U.S. at 214 n. 4). The legal standard has two elements:

> A claim is within the scope of § 1132(a)(1)(B) for [this] purpose if two requirements are met: (1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms.

*Gardner v. Heartland Indus. Partners,* 715 F.3d 609, 613 (6th Cir. 2013) (citation to *Davila*, 542 U.S. at 210, internal quotation marks, and brackets omitted).

Pursuant to this standard, Plaintiff's claims against at least Defendant Highmark are completely preempted; and the Court has supplemental jurisdiction over the other claims pursuant to 28 U.S.C. §§ 1367 and 1441(c). *See, e.g., Grimmett v. Dace*, 34 F. Supp. 3d 712, 723-24 (E.D. Mich. 2014). Upon review of the record, the Court finds that the suit is clearly a complaint regarding the denial of benefits, satisfying the first element of the applicable standard. *See Hogan v. Jacobson*, 823 F.3d 872, 880 (6th Cir. 2016) ("A claim likely falls

---

[2] As the Sixth Circuit has explained, ERISA's express-preemption clause, 29 U.S.C. § 1144(a), does not itself provide grounds to remove a case from state to federal court – invoking § 1144(a) is a "federal defense" which "does not create federal-question jurisdiction." *Gardner v. Heartland Indus. Partners*, 715 F.3d 609, 612 (6th Cir. 2013) (citation to *Davila*, 542 U.S. at 207 and internal quotation marks omitted); *Methodist Healthcare*, 929 F.3d at 800 (citing *Gardner* for that conclusion). ERISA-related cases are, however, removable if they "implicate the '*complete* preemption' doctrine," *id.* (emphasis added), and § 1132(a)(1)(B), the statute's civil enforcement provision, has the "effect" of "wholly displac[ing] the state-law cause of action through complete pre-emption," *Gardner*, 715 F.3d at 612 (citation to *Davila*, 542 U.S. at 207 and internal quotation marks omitted). "[W]hen a state-law claim by its nature falls within the scope of ERISA § 1132(a)(1)(B), two consequences follow: first, the claim is deemed to be a federal claim (albeit an invalid one) for purposes of federal-question jurisdiction and thus remova[ble]; and second, the claim is preempted." *Gardner*, 715 F.3d at 613 (citations to *Davila*, 542 U.S. at 209-10, internal quotation marks, and brackets in original omitted).

within the scope of § 1132 when the only action complained of is a refusal to provide benefits under an ERISA plan and the only relationship between the plaintiff and defendant is based in the plan." (citation, internal quotation marks, and brackets omitted)).[3] Regarding the second element of the standard, the Court finds that Plaintiff's claims against at least Defendant Highmark do not allege a violation of any legal duty independent of ERISA or the plan terms. The relationship between Plaintiff and Defendant Highmark "arises solely from an ERISA-benefits plan" – even if the alleged duty owed to Plaintiff "ostensibly arises under state law," "the relationship between the parties arose in the context of [an] ERISA plan," and Plaintiff's alleged injuries "flow entirely from the denial of… benefits." *Hogan*, 823 F.3d at 882.

**II. Motion to Dismiss**

Having determined that Plaintiff's claims are completely preempted, the Court could construe Plaintiff's state-law claims as properly pleaded ERISA claims and address their merits under the pending Rule 12(b)(6) motion. *See, e.g., Mazur v. UNUM Ins. Co.*, 590 F. App'x 518, 521 (6th Cir. 2014). However, there is some precedent in this circuit that a court in this posture should instead "grant a party whose state-law claims have been removed on the basis of complete preemption leave to file an amended complaint, [to] recast[] those claims (which, despite their state-law language, *are* federal claims) in the language of ERISA." *Erbaugh v. Anthem Blue Cross & Blue Shield*, 126 F. Supp. 2d 1079, 1082 (S.D. Ohio 2000)

---

[3] Plaintiff alleges in the complaint that Defendants "made statements to Plaintiff… concerning the coverage of the procedure," and that, in her "good-faith reliance of the representations of the Defendants[,] [she] has been damaged" (DE 1-2 at 8); that Defendant Highmark, by having communicated to Plaintiff a pre-approval for the procedure, violated the Kentucky Consumer Protection Act (DE 1-2 at 8-9); that Defendant Lake Cumberland breached a contract with Plaintiff regarding the cost to Plaintiff for the medical procedure (DE 1-2 at 9-10); that "Defendants, in representing that there would be insurance coverage for the procedure… [made] representations that were known or should have been known by the Defendants to be false, with the intent that the Plaintiff rely thereon" (DE 1-2 at 10); and that Defendant Highmark violated the Kentucky Unfair Claims Settlement Practices Act (DE 1-2 at 10-11).

(quoting *B-T Dissolution, Inc. v. Provident Life & Accident Ins. Co.*, 101 F. Supp. 2d 930, 932 n. 3 (S.D. Ohio 2000)) (emphasis in original); *see also Degnan v. Publicker Indus., Inc.*, 83 F.3d 27, 30 (1st Cir. 1996). Although this "practice is not an absolute requirement," *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 818 (S.D. Ohio 2003), the Court will adopt this approach, at least for cases in which the Court cannot yet determine from the record whether amendment would be inevitably and necessarily futile. *Cf. Mazur*, 590 F. App'x at 521.[4]

## Conclusion

Accordingly, the Court hereby ORDERS that:

1) Plaintiff's motion to remand (DE 13) is DENIED;

2) Defendant's motion to dismiss (DE 9) is DENIED as moot;

3) Plaintiff has the Court's leave to file an amended complaint within 21 days of the issuance of this order;

4) if Plaintiff does file an amended complaint, Defendants may move to dismiss the amended complaint within 21 days of that amended complaint being filed; and

5) if Plaintiff does not file an amended complaint, Defendants may reassert motions to dismiss the operative complaint within 28 days of the issuance of this order.

Dated August 26, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[4] Defendant Highmark argues that Plaintiff's claims should be dismissed because she has failed to timely pursue and exhaust the plan's administrative remedies and because the terms of the plan exclude coverage for the procedure at issue. (DE 9-1 at 13-16.) Perhaps Defendant will ultimately prevail on these arguments and on its representation of the facts. However, Plaintiff's response brief does not directly counter these arguments, or Defendant's representation of the facts, because it assumes that the complaint alleges state-law claims. (DE 19.) For the Court to simultaneously deny the motion to remand and grant the motion to dismiss without consideration of what Plaintiff might argue in opposition to Defendant's position on dismissal risks unfairly prejudicing Plaintiff for failing to assert in her response brief what would have been arguments raised in the alternative.